IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY R. LAYDEN, as Guardian of the Person of AARON R. LAYDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS F. STANLEY, in his individual capacity; LOGAN S. COPAS, in his individual capacity; LENIOR COUNTY SHERIFF RONNIE T. INGRAM; and JOHN DOE SURETY COMPANY, )<br>)<br>Defendants. ) | **COMPLAINT**<br><br>CIVIL ACTION NO. 4:22-cv-61<br>Jury Trial Demanded |

NOW COMES Plaintiff Timothy R. Layden, as Guardian of the Person of Aaron R. Layden, by and through undersigned counsel and complains against Defendants Thomas F. Stanley, in his individual capacity, Logan S. Copas, in his individual capacity, Lenoir County Sheriff Ronnie T. Ingram, and John Doe Surety Company as follows:

**INTRODUCTION**

This case arises from Defendants Thomas F. Stanley's and Logan S. Copas's unlawful and unconstitutional use of excessive force while detaining Aaron R. Layden for the purpose of transporting him for a mental health evaluation that occurred on June 15, 2019, wherein Aaron Layden suffered, among other injuries, a broken arm. At all times relevant to this action, Defendants Thomas F. Stanley and Logan S. Copas were employed by the Lenoir County Sheriff's Office.

## PARTIES

1. Plaintiff Aaron R. Layden ("Aaron") is a citizen and resident of Lenoir County, North Carolina.

2. Plaintiff Timothy R. Layden ("Mr. Layden") is the court-appointed Guardian of the Person for his son, Aaron R. Layden. Mr. Layden was appointed as Guardian of the Person for Aaron by a Wayne County Superior Court judge on October 31, 2013.

3. Upon information and belief, Defendant Thomas F. Stanley ("Defendant Stanley") is a citizen and resident of Lenoir County, North Carolina. At all times relevant to this action, Defendant Stanley was a sworn officer of the Lenoir County Sheriff's Office ("LCSO") acting under color of state law. Defendant Stanley is sued in his individual capacity.

4. Upon information and belief, Defendant Logan S. Copas ("Defendant Copas") is a citizen and resident of Tarrant County, Texas. At all times relevant to this action, Defendant Copas was a sworn officer of the LCSO acting under color of state law. Defendant Copas is sued in his individual capacity. (Defendant Stanley and Defendant Copas herein collectively referred to as the "Officer Defendants").

5. Defendant Lenoir County Sheriff Ronnie T. Ingram ("Defendant Sheriff" or "Defendant Sheriff Ingram") is sued in his official capacity as the duly elected Sheriff of Lenoir County. Defendant Sheriff Ingram was elected as Sheriff of Lenoir County in November 2014 and served as the sheriff of Lenoir County at all times relevant to this action.

6. Defendant Sheriff Ingram is required by N.C. Gen. Stat. § 162-8 to maintain a surety bond in the amount of a minimum of $25,000. John Doe Surety Company ("Defendant John Doe Surety") is purportedly a company that is duly licensed to conduct business in the State of North Carolina. Defendant John Doe Surety issues official sheriff's bonds as required by N.C.

Gen. Stat. § 162-8. Defendant John Doe Surety is sued as the surety on Defendant Sheriff Ingram's official bond.

7. Defendant John Doe Surety issued the official bond furnished by Defendant Sheriff Ingram in the amount of $25,000 as required by N.C. Gen. Stat. § 162-8. Upon information and belief, the official bond was in effect at the time of the events alleged herein. Defendant Sheriff Ingram is sued as the principal on the official bond pursuant to N.C. Gen. Stat. § 58-76-5.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims for relief asserted herein arise, in part, under the United States Constitution and federal law, pursuant to 42 U.S.C. §§ 1983 and 1988. This action also arises in part under the North Carolina Constitution and the common law of the State of North Carolina.

9. This Court has supplemental jurisdiction over all state law claims alleged against all defendants pursuant to 28 U.S.C. § 1367 because all state law claims asserted herein arise from a common nucleus of operative facts as those giving rise to Aaron's federal claims, as described herein below.

10. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## WAIVER OF GOVERNMENTAL IMMUNITY

11. Defendant Sheriff Ingram, and any and all agents, employees, officers, sergeants and/or deputies have waived sovereign immunity and/or governmental immunity for the purpose of Aaron's claims through the purchase of a surety bond issued by Defendant John Doe Surety pursuant to N.C. Gen. Stat. § 58-76-5. Defendant Sheriff Ingram, and any and all agents,

employees, officers, or deputies have waived or further waived sovereign and/or governmental immunity to the extent Defendant Sheriff Ingram on the dates relevant hereto was insured by one or more policies of liability insurance purchased pursuant to N.C. Gen. Stat. § 153A-435 or participates in a government risk pool pursuant to N.C. Gen. Stat. § 58-23, or maintains a funded reserve, and to such extent, Defendant Sheriff Ingram has waived any official, sovereign, qualified or governmental immunity to which they might otherwise be entitled in his official capacity.

## FACTUAL ALLEGATIONS

12. On June 15, 2019, Mr. Layden sought an Order from Lenoir County Magistrate Judge, requesting that his son, Aaron, be involuntarily committed for his own safety and the safety of others. Aaron suffers from Bipolar 1 Disorder and Paranoid Schizophrenia and had stopped taking his medication. The Magistrate Judge issued the involuntary commitment paperwork as requested by Mr. Layden.

13. Shortly after the involuntary commitment (IVC) was ordered, three (3) Lenoir County Sheriff's officers were dispatched to the Layden residence to obtain custody of Aaron and transport him to a medical facility for evaluation in accordance with the IVC order. The Sheriff's officers that were dispatched to the Layden residence were Defendant Stanley, Defendant Copas, and Lieutenant Christy Smith.

14. Upon information and belief, at the time Officer Defendants were dispatched to the Layden residence to transport Aaron to a medical facility in accordance with the IVC order, both officers knew that Aaron suffered from mental illness and was suffering from an episode related to his mental illness.

15. According to the Lenoir County Sheriff's Incident Report ("Incident Report"), upon their arrival, Defendants Stanley and Copas handcuffed Aaron "without incident."

Defendant Stanley ensured that Aaron's handcuffs were "double locked." In response to being handcuffed, Aaron "mouthed off" to Defendants Stanley and Copas.

16. Once handcuffed, Defendants Stanley and Copas escorted Aaron out of the house, onto the concrete front porch. According to the Incident Report, because Aaron continued to "mouth off" to the officers as he was escorted to the patrol car, Defendants Stanley and Copas slammed Aaron to the ground on the concrete front porch, fracturing Aaron's left elbow.

17. While Aaron was being held on the ground, Defendant Stanley shackled Aaron's ankles. Once handcuffed and shackled, Defendants Stanley and Copas picked Aaron up off the ground and carried him to the patrol car.

18. Defendant Stanley transported Aaron to the emergency department at UNC Lenoir Hospital. Upon arrival, Aaron complained of extreme pain in his left elbow. X-rays revealed an oblique supracondylar humeral fracture with apex lateral angulation at the fracture site. Aaron's elbow was splinted, and he was given medication to manage his pain.

19. Upon evaluation by licensed clinical social worker Raelyn Mosher at UNC Lenoir, she determined that Aaron did not meet the criteria an IVC hold, and that Aaron was stable for discharge. Hospital personnel contacted Mr. Layden and instructed him to come pick Aaron up. At the time, hospital staff also informed Mr. Layden that Aaron's left elbow had been fractured and required follow up with an orthopedist in one week.

20. The hospital released Aaron to Mr. Layden in the early hours of June 16, 2019. Mr. Layden brought Aaron to Wayne Memorial Hospital seeking a second opinion regarding Aaron's mental state. Evaluating physicians at Wayne Memorial found Aaron to be "acutely psychotic" and continued his IVC status for further inpatient psychiatric care.

21. Aaron was transferred to Holly Hill Hospital where he received inpatient psychiatric treatment from June 16, 2019, until his discharge approximately three (3) weeks later.

22. On July 3, 2019, while inpatient at Holly Hill, Aaron was taken to WakeMed Orthopedics for evaluation of his left elbow fracture. Timothy E. Harris, M.D. evaluated Aaron and recommended immediate surgery to repair the now displaced elbow fracture; however, Aaron refused surgical intervention. Dr. Harris noted that he did not believe Aaron was competent to make his own medical decisions, and that he would contact Aaron's psychiatrist regarding his competency.

23. After his discharge from Holly Hill, Aaron presented to Vidant Orthopedics on July 16, 2019, approximately four (4) weeks post-injury, for evaluation of his left elbow fracture. Johnathan Robert, M.D. noted that his fracture was not healed and was significantly misaligned.

24. On July 24, 2019, Dr. Roberts surgically repaired Aaron's left humeral fracture by inserting a plate into his left elbow.

25. On December 20, 2019, Mr. Layden filed a complaint with the LCSO regarding the actions of Defendants Stanley and Copas on June 15, 2019. Upon information and belief, LCSO ignored Mr. Layden's complaint and refused to investigate the matter.

26. To date, Aaron continues to suffer from pain in his left elbow as a result of the fracture he sustained as a result of the actions of Defendants Stanley and Copas.

27. Defendants Stanley and Copas used excessive force when they slammed Aaron to the ground, breaking his left elbow. Prior to being slammed to the ground, Aaron had not been combative, or otherwise violent towards the officers. Aaron possessed no weapon and did not try to flee. He had only "mouthed off," after being handcuffed "without incident." The force used by

Defendants Stanley and Copas was unnecessary, gratuitous, and disproportionate to the seizure of an unarmed and secured citizen.

28. Defendant Sheriff Ingram is the chief law enforcement officer and final policymaking authority for Lenoir County, North Carolina. Defendant Sheriff Ingram has exclusive right to hire, discharge, and supervise the employees in his office. N.C. Gen. Stat. § 153A-103.

29. Mr. Layden, on behalf of Aaron, brings this civil action pursuant to 42 U.S.C. § 1983 against the Officer Defendants for the use of excessive force against Aaron in violation of his due process rights under the Fourteenth Amendment.

30. Mr. Layden, on behalf of Aaron, brings this civil action against Defendant Sheriff Ingram for the deliberate indifferent policies and practices regarding treatment of persons with mental illness, as evidenced by the actions of Defendants Stanley and Copas towards Aaron, an individual suffering from a psychotic episode arising from his mental illness.

31. Mr. Layden, on behalf of Aaron, brings this civil action against Defendant Sheriff Ingram for the state law claims of negligence and negligent hiring, supervision, and training and against Defendants Stanley and Copas for the state law claims of negligence, assault and punitive damages.

32. Mr. Layden, on behalf of Aaron, brings an official bond action under N.C. Gen. Stat. §58-76-5 against Defendants Sheriff Ingram and John Doe Surety Company.

33. Mr. Layden, on behalf of Aaron, seeks to recover compensatory damages from Defendants, including, but not limited to, personal injuries of a broken arm, mental/psychological injuries, anxiety, stress, fear of police, costs of medical treatment, permanent injuries and pain,

costs, and attorneys' fees. Mr. Layden, on behalf of Aaron, also seeks to recover punitive damages from Defendants Stanley and Copas as authorized by federal law.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments**
(*Against Defendants Stanley and Copas*)

34. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

35. At the time of the incident, Aaron possessed a constitutional right under the Fourteenth Amendment to be protected from the use of excessive force against him.

36. Defendants Stanley and Copas violated this right when, subsequent to Aaron being handcuffed, they slammed him to the concrete with such force they broke Aaron's left arm.

37. The Officer Defendants' actions while detaining Aaron were unnecessary, gratuitous, and thus, unreasonable given the totality of the circumstances, including but not limited to:

   a. When they arrived at the Layden residence, Defendants Stanley and Copas knew or should have known that Aaron suffered from mental disabilities, including, Bipolar 1 Disorder and Paranoid Schizophrenia;

   b. The Officer Defendants' arrival at the Layden residence and detention of Aaron was for the sole purpose of transporting Aaron to a medical facility for evaluation of his mental illnesses in accordance with the IVC order, and not for the purpose of arresting Aaron for engaging in unlawful activity;

   c. While being handcuffed by the Officer Defendants, Aaron cooperated and did not resist;

    d. Aaron cooperated and did not resist while Defendants Stanley and Copas escorted to the patrol car;

    e. Aaron possessed no weapons, posed no threat of harm to the officers, and did not attempt to flee from the Officer Defendants;

    f. Upon information and belief, Defendants Stanley and Copas are significantly larger than Aaron and could overpower him without slamming him to the ground;

    g. Upon information and belief, Defendants Stanley and Copas used techniques to overpower Aaron that are not in accordance with policing standards and tactics as taught in Basic Law Enforcement Training (BLET);

    h. Defendants Stanley and Copas ignored and/or deviated from their BLET training regarding how to confront and detain individuals with mental disabilities;

    i. Defendants Stanley and Copas slammed Aaron to the concrete ground after he was handcuffed because of what he was saying not for any of his actions;

    j. When Defendants Stanley and Copas slammed Aaron, who was handcuffed, to the concrete ground he had not been resisting the officers; and

    k. Any other acts that are revealed through discovery.

38. Based on the totality of the circumstances, a reasonable police officer could conclude that the amount of physical force used by Defendants Stanley and Copas against Aaron was unnecessary to effectuate his detention and constituted excessive force in violation of his constitutional rights.

39. Defendants Stanley and Copas violated Aaron's constitutional rights during the course and scope of their employment with Defendant Sheriff Ingram.

40. As a direct and proximate result of the Officer Defendants' unconstitutional conduct, Aaron suffered personal injuries of a broken arm and continues to suffer injuries and damages.

41. As a further direct and proximate result of the Officer Defendants' unconstitutional conduct, Aaron has incurred, and continues to incur, injuries including, but not limited to, personal injuries of a broken arm, pain and suffering, continued pain and impairment related to his fractured arm, mental injuries of emotional distress, humiliation, embarrassment, anxiety, and mental anguish as well as out of pocket expenses including but not limited to medical expenses. Aaron is entitled to recover all general and special damages sustained, including but not limited to, all recoverable compensatory damages including attorneys' fees and costs as a result of the Officer Defendants' actions and deprivation of Aaron's constitutional rights.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Hiring and Training in Violation of the Fourth and Fourteenth Amendments
(*Monell* Claim Against Defendant Sheriff Ingram)

42. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

43. At all times relevant to this complaint, Defendant Sheriff Ingram is the policymaker responsible for establishing, enforcing, directing, and controlling the policies, customs, practices, and procedures related to law enforcement within Lenoir County.

44. Defendant Sheriff Ingram at all relevant times hereto maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of Aaron's rights. Defendant Sheriff's policies and training of LCSO officers are inadequate to prepare law enforcement officers for the special care, caution, and attention that is necessary when interacting with individuals with mental disabilities, not for the purpose of arrest, but for the purpose of

transporting to a medical facility for medical evaluation related to said mental disabilities. Specifically, this policy, custom, or practice involves:

   a. Prior to the incident, Defendant Sheriff failed to provide proper and adequate training to law enforcement officers and/or failed to ensure that officers were properly trained, including Defendants Stanley and Copas, in how to confront and detain an individual with mental disabilities;

   b. Defendant Sheriff failed to discipline Defendants Stanley and Copas for their actions equating excessive force on June 15, 2019, which resulted in Aaron sustaining a fractured arm;

   c. Defendant Sheriff failed to provide proper and adequate subsequent training to Defendants Stanley and Copas concerning how to confront and detain a mentally disabled individual for the purpose of transporting him for mental health treatment and not for the purpose of an arrest;

   d. Defendant Sheriff failed to require Defendants Stanley and Copas to undergo remedial training and/or Crisis Intervention training subsequent to the incident at the Layden residence on June 15, 2019; and

   e. Any other policy, custom, or practice that caused or contribution to the violation of Aaron's constitutional rights.

45. The decision not to offer adequate training and/or to discipline Lenoir County law enforcement officers for misconduct related to interactions with individuals with mental disabilities when engaging with them for the purpose transporting them mental health treatment and not for the purpose of an arrest represents an official policy or custom of Defendant Sheriff.

46. This decision made it inevitable that officers of the LCSO would eventually act as alleged in this Complaint, and thus, Aaron's injuries were reasonably foreseeable.

47. The aforementioned policy, custom or practice was the direct, proximate cause of the Officer Defendants violating Aaron's constitutional rights enforceable through 42 U.S.C. § 1983.

48. Defendant Sheriff's unlawful actions described above proximately caused Aaron to endure personal injuries including but not limited to pain and suffering, emotional distress, humiliation, embarrassment, anxiety and mental anguish, etc.

49. It was reasonably foreseeable that a Lenoir County citizen, such as Aaron, would suffer constitutional injuries and/or personal injuries due to Lenoir County officers, specifically the Officer Defendants forcefully throwing a handcuffed, mentally disabled, young man to the ground.

50. As a direct and proximate result of the policies, practices, and customs of the LCSO as determined by Defendant Sheriff, Aaron has incurred, and continues to incur, injuries including, but not limited to, personal injuries, pain and suffering, continued pain and impairment related to his fractured arm, mental injuries of emotional distress, humiliation, embarrassment, anxiety, and mental anguish as well as out of pocket expenses including but not limited to medical expenses. Aaron is entitled to recover all general and special damages sustained, including but not limited to, all recoverable compensatory damages including attorneys' fees and costs as a result of the Officer Defendants' actions and deprivation of Aaron's constitutional rights.

### THIRD CAUSE OF ACTION
**Negligence**
(*Against Defendants Stanley, Copas, and Sheriff Ingram*)

51. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

52. Officer Defendants each owed Aaron a duty of care to perform their law enforcement duties in a lawfully prudent manner that would not, directly or indirectly, result in harm to the citizens of Lenoir County, including but not limited to by injuring, or otherwise subjecting Aaron to the unlawful and/or otherwise wrongful conduct as alleged in this Complaint.

53. Defendants Stanley and Copas each breached their duties to Aaron by, including, but not limited to, using unreasonable force when they slammed Aaron to the concrete ground resulting in a fracture to his left arm, failing to act in a reasonable manner in effectuating the transport of a person with a mental illness to a medical facility for treatment; and any other such breach that may be revealed through discovery.

54. It was reasonably foreseeable that a Lenoir County citizen, such as Aaron, would suffer injuries and/or damages as the result of Lenoir County officers, specifically Officer Defendants breaching their respective duties of care, including but not limited to forcefully throwing a handcuffed, mentally disabled, young man to the ground.

55. As a direct and proximate result of the acts and omissions of the Officer Defendants, Aaron has incurred, and continues to incur, injuries including, but not limited to, personal injuries, pain and suffering, continued pain and impairment related to his fractured arm, mental injuries of emotional distress, humiliation, embarrassment, anxiety, and mental anguish as well as out of pocket expenses including but not limited to medical expenses. Aaron is entitled to recover all general and special damages sustained, including but not limited to, all recoverable compensatory damages including attorneys' fees and costs as a result of the Officer Defendants actions.

### FOURTH CAUSE OF ACTION
**Assault**
(*Against Defendants Stanley and Copas*)

56. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

57. Defendants Stanley and Copas acted with intent when they threw Aaron to the ground with enough force to fracture his left elbow on June 15, 2019.

58. Aaron experienced reasonable apprehension of imminent harm before and while Defendants Stanley and Copas threw him to ground on the concrete porch of his father's home. Aaron was aware of the Officer Defendants' actions; however, because he was handcuffed, he was unable to prevent or break his fall.

59. Defendants Stanley and Copas knew or should have known that slamming Aaron, while handcuffed, onto the concrete porch with great force was likely to cause bodily harm, including but not limited to broken bones.

60. It was reasonably foreseeable that slamming Aaron, while handcuffed, onto the concrete porch with great force would likely cause bodily harm, including but not limited to broken bones.

61. Pursuant to the doctrine of respondeat superior, the Defendant Sheriff is liable for the acts and omissions of its employees, Defendants Stanley and Copas, because at all times relevant hereto, Defendants Stanley and Copas were acting within the course and scope of their employment with the LCSO.

62. As a direct and proximate result of the actions of the Officer Defendants, which they performed during the course and scope of their employment with the LCSO, Aaron has and continues to incur injuries and damages including, but not limited to, personal injuries, continued pain and swelling in his left elbow following surgical repair and insertion of a metal plate, and physical pain and suffering, and mental anguish. Aaron also incurred out of pocket expenses including, but not limited to, medical expenses that were incurred as the direct result of his being injured due to the actions of Defendants Stanley and Copas.

## FIFTH CAUSE OF ACTION
### Negligent Supervision and Retention
### of Defendants Stanley and Copas
(*Against Defendant Sheriff Ingram*)

63. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

64. Defendant Sheriff owes the citizens of Lenoir County a legal duty to ensure that its law enforcement officers act in accordance with the policies and procedures of the LCSO which necessarily includes, but is not limited to, ensuring that the law enforcement officers receive adequate and proper training for all aspects of their position, including training regarding how to handle, in the course of their employment, situations involving individuals with mental disabilities or illnesses.

65. At all times relevant to this action, the Officer Defendants were employed by Defendant Sheriff Ingram and the LCSO. The Officer Defendants were not competent to confront, engage with or transport citizens with mental illnesses, including but not limited to citizens being transported pursuant to IVC orders because the Officer Defendants lacked the technical training and experience required to perform the duties of their position properly and adequately with respect to this special category of citizens.

66. On June 15, 2019, the Officer Defendants were dispatched to the Layden residence for the purpose of transporting Aaron to a medical facility for evaluation related to his mental illnesses pursuant to IVC order issued by a Lenoir County Magistrate Judge. At the time of dispatch, the Officer Defendants knew, or should have known, that they were being dispatched to the Layden residence for this specific purpose, and <u>not for the purpose of arresting Aaron for alleged criminal acts</u>.

67. While at the Layden residence, the Officer Defendants handcuffed Aaron without incident, and then, threw Aaron to the ground, breaking his left arm, because he "mouthed off."

68. The Officer Defendants committed a tortious act when they breached their duty of care to Aaron by throwing him to the ground after he had been handcuffed without incident because he "mouthed off."

69. Defendant Sheriff had actual or constructive knowledge that the Officer Defendants were not competent to perform their duties with respect to citizens with mental illness because the Officer Defendants lacked training or were inadequately trained on how to confront and transport individuals with mental disabilities for the purpose of a medical evaluation rather than for the purpose of an arrest.

70. Defendant Sheriff, having such actual or constructive knowledge, nonetheless, sent the Officer Defendants out into the community of Lenoir County to carry out their law enforcement duties in breach of his duties to the citizens of Lenoir County, including Aaron. Specifically, Defendant Sheriff Ingram sent the Officer Defendants to the Layden residence to transport Aaron, a citizen with mental illnesses in need medical evaluation, knowing that the Officer Defendants were not properly trained on the proper methods for engaging with citizens under these circumstances.

71. The incompetency of the Officer Defendants regarding their lack of training and experience with engagement and transportation of citizens with mental illnesses who have not committed or are not alleged to have a committed a crime, was the direct and proximate cause of the injuries and damages Aaron suffered, i.e., a fractured left arm. As a direct and proximate result of his injuries, Aaron has and continues to incur damages including, but not limited to, personal injuries, continued pain and swelling in his left elbow following surgical repair and insertion of a

metal plate, physical pain and suffering, and mental anguish. Aaron also incurred out of pocket expenses including, but not limited to, medical expenses that were incurred as the direct result of his being injured due to the negligence of Defendant Sheriff in his training, supervision and retention of the Officer Defendants.

## SIXTH CAUSE OF ACTION
**Action for Official Bond**
(*Against Defendants Sheriff and John Doe Surety*)

72. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

73. Upon information and belief, Defendant Sheriff procured an official bond as principal from Defendant John Doe Surety in the sum of $25,000.00 (the "Bond"). The Bond ensures that Defendant Sheriff and his employees shall faithfully perform all duties of the office of the Sheriff of Lenoir County.

74. Defendant John Doe Surety joined with Defendant Sheriff as surety in the execution of the Bond and thereby undertook to be jointly and severally liable for the failure of Defendant Sheriff Ingram and his employees to faithfully perform the duties of his office as the Sheriff of Lenoir County.

75. Defendant Sheriff Bond was in full force and effect on June 15, 2019.

76. Defendants Stanley and Copas were acting within the scope and course of their employment with the LCSO and under color of Defendant Sheriff Ingram's office during their interactions with Aaron on June 15, 2019, as described herein above.

77. The negligent and unlawful acts and omissions of Defendants Stanley and Copas, as alleged herein, are imputed to Defendant Sheriff Ingram under the doctrine of *respondeat*

17
Case 4:22-cv-00061-FL     Document 1     Filed 06/15/22     Page 17 of 19

*superior*, and constituted neglect, misconduct, misbehavior, and/or a breach of their official duties as employees of the LCSO.

78. Defendants Sheriff Ingram and John Doe Surety are liable to Mr. Layden, on behalf of Aaron, pursuant to N.C. Gen. Stat. § 58-76-5, for unlawful acts and omissions committed by Defendants Stanley and Copas against Aaron under color of the LCSO.

**SEVENTH CAUSE OF ACTION**
**Punitive Damages**
(*Against Defendants Stanley and Copas*)

79. Plaintiff reiterates, realleges, and reincorporates each and every paragraph above as if set forth fully herein.

80. Defendants Stanley and Copas acted with either an evil motive or with reckless and wanton disregard for Aaron's rights on June 15, 2022. Defendants Stanley and Copas violently slammed Aaron, a person they *knew* was suffering from a psychotic episode as a result of his mental illness, to the ground on concrete porch because he "mouthed off" to them. Defendant Stanley and Copas slammed Aaron to the concrete ground with such force that his left elbow was fractured.

81. The excessive force employed by Defendants Stanley's and Copas' against Aaron was made with reckless and callous indifference to his civil rights, and therefore, Aaron is entitled to recover punitive damages from Defendants Stanley and Copas pursuant to 42 U.S.C. § 1983.

82. Further, the actions of Defendants Stanley and Copas constitute a conscious and intentional disregard for the rights and safety of others, including Aaron, which they knew or should have known were reasonably likely to result in injury. Therefore, Aaron in entitled to recover punitive damages from Defendants Stanley and Copas pursuant to N.C. Gen. Stat. § 1D-15.

18
Case 4:22-cv-00061-FL    Document 1    Filed 06/15/22    Page 18 of 19

WHEREFORE, Plaintiff, Timothy R. Layden, as Guardian of the Person of Aaron R. Layden, respectfully prays the Court:

a. For a judgment in their favor for all compensatory and punitive damages recoverable by the Plaintiffs against the Defendants, jointly and severally, where appropriate;

b. For a trial by jury on all issues so triable;

c. For all court costs and other fees allowed by law, including attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable federal or state law;

d. That all amounts accrue interest at the prevailing legal rate;

e. For all other, further relief as the Court deems just and appropriate.

This the 15th day of June, 2022.

Respectfully submitted,

/s/ Dawn T. Mistretta
Dawn T. Mistretta, N.C. Bar No. 31691
Lindsey A. Bullard, N.C. Bar No. 46664
GREEN MISTRETTA LAW, PLLC
1752 Heritage Center Drive, Suite 101
Wake Forest, NC 27587
T: (919) 278-7453
F: (855) 876-8893
dmistretta@gmlawyers.org
lbullard@gmlawyers.org
*Counsel for Plaintiff*