IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:22-cv-61-FL

| | |
|---|---|
| TIMOTHY R. LAYDEN, as Guardian of the Person of AARON R. LAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS F. STANLEY, in his individual capacity; LOGAN S. COPAS, in his individual capacity; LENIOR COUNTY SHERIFF RONNIE T. INGRAM; and JOHN DOE SURETY COMPANY, <br><br> Defendants. | **PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT** |

NOW COMES Plaintiff Timothy R. Layden, as Guardian of the Person and of the Estate for Aaron R. Layden ("Plaintiff"), by and through undersigned counsel, pursuant to Local Civil Rule 17.1(b), and hereby moves the Court for approval of the compromised settlement reached in this matter between Plaintiff and all Defendants. In support of this motion, Plaintiff shows unto the Court the following:

1. Aaron Layden ("Aaron") is 28 years old and takes daily medication for the treatment of schizophrenia.

2. On October 31, 2013, Aaron was deemed incompetent by a Wayne County, North Carolina Superior Court judge. Timothy Layden ("Mr. Layden"), Aaron's father, was then appointed Aaron's Guardian of the Person, and later appointed Aaron's Guardian of the Estate. Copies of the guardianship documents are attached as Exhibits A and B, respectively.

3. This case involves personal injuries suffered by Aaron on June 15, 2019, when Defendants Thomas F. Stanley and Logan S. Copas (the "Deputy Defendants") detained Aaron pursuant to a signed involuntary commitment order.

4. Mr. Layden retained Green Mistretta Law, PLLC ("the Firm") in April of 2020 to investigate Aaron's legal rights, and if necessary, file suit against the Defendants for damages he suffered.

5. On June 10, 2020, Plaintiff sent a letter to the Lenoir Police Department and the Lenoir City Manager notifying them of Aaron's claims and requesting that a litigation hold be implemented concerning any potentially relevant documents. Plaintiff received no response to this letter.

6. Plaintiff filed a Complaint on June 15, 2022. [D.E. 1]. In the lawsuit, Plaintiff contends that on June 15, 2019, Aaron stopped taking his schizophrenia medication and, as a result, Mr. Layden obtained an involuntary commitment order for Aaron to be transported to a medical facility for evaluation. After securing the order, Mr. Layden called the Lenoir County Sheriff's office to have Aaron picked up pursuant to the commitment order.

7. The Deputy Defendants arrived at Mr. Layden's home to secure Aaron and transfer him pursuant to the commitment order. While handcuffed, Deputy Defendant Copas contends he perceived Aaron as moving toward him, so he took Aaron down to his back forcefully, which resulted in Aaron suffering a fractured elbow (the "Incident").

8. Aaron later received medical treatment for his injuries. Plaintiff contends that Aaron's injuries were due to unnecessary excessive force used by the Deputy Defendants and/or the result of their negligence while detaining Aaron at Mr. Layden's home. Defendants deny all of

Plaintiff's contentions and deny any liability whatsoever in causing Aaron's alleged injuries, damages, and/or claims.

9. This Court denied, in part, Defendant's Motion to Dismiss on May 30, 2023. [D.E. 29]. Subsequently, this matter proceeded through discovery. The parties exchanged written discovery, and depositions of the two Deputy Defendants and Mr. Layden were conducted.

10. The parties participated in a mandatory mediated settlement conference that occurred on November 6, 2023, but unfortunately an impasse was reached.

11. On January 16, 2024, Defendants filed their motion for summary judgment with the Court. [D.E. 35].

12. Although there are contested issues concerning liability and damages, the parties have reached a compromised settlement of all claims against Defendants. The settlement amount agreed upon by the parties is THIRTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($32,500.00). A copy of the fully executed settlement agreement and release is attached as Exhibit C.

13. Plaintiff believes that given the totality of the circumstances, the settlement and disbursement of settlement proceeds is reasonable, fair, and in the best interests of Aaron Layden, and requests that this Court approve the proposed settlement and disbursement.

14. Pursuant to Local Civil Rule 17.1(b)(1), Plaintiff contends as follows:

   a. Plaintiff is properly represented by Dawn T. Mistretta of Green Mistretta Law, PLLC.

   b. Defendants are properly represented by Amie C. Sivon of Ragsdale Liggett, PLLC.

c. All parties are properly before the Court; no questions exist as to misjoinder or nonjoinder of parties; and this Court has jurisdiction over the subject matter and the parties.

15. As a result of the Incident, Plaintiff incurred over $143,000.00 in related medical expenses. Most of Plaintiff's medical expenses were paid through North Carolina's Division of Medical Assistance ("Medicaid").

16. Liens against the settlement recovery in this matter have been perfected as follows:

   a. Medicaid has perfected a lien in the amount of $9,112.84; and

   b. UNC Health has perfected a lien in the amount of $21.00.

17. Aaron completed treatment for his injuries on or about October 17, 2019, when his physician instructed him to follow up as needed if he had further symptoms. See Exhibit D. Aaron has not returned to his physician for treatment of his injuries; therefore, Plaintiff does not anticipate that Aaron will need future medical treatment arising from the Incident.

18. In the event of a settlement prior to the trial of this matter, Plaintiff's counsel agreed to represent Plaintiff on a contingency fee basis, plus litigation-related costs.

19. Plaintiff's counsel has advanced reasonable and necessary litigation-related costs in this matter in the amount of $3,173.53; however, Plaintiff's counsel has agreed to waive these advanced costs in light of Medicaid's lien of $9,112.84 and UNC Health's lien of $21.00 on the settlement proceeds.

20. Plaintiff's counsel has performed considerable legal services on behalf of Aaron including but not limited to drafting pleadings, drafting a memorandum of law in response to Defendants' motion to dismiss, both drafting and responding to interrogatories and requests for production of documents, convening, and defending depositions, and participating in mediation.

Plaintiff's counsel and Mr. Layden agreed to a fee of 35% of the total settlement amount, which equals $11,375.00.

21. Federal courts evaluate contingency fee agreements using a reasonableness standard. *In Re: Abrams & Abrams, P.A.*, 605 F.3d 238 (4th Cir. 2010). In deciding whether a fee is reasonable

> "…District courts should look at the twelve factors first set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by this court in *Barber*, 577 F.2d at 226, and *Allen*, 606 F.2d at 436 n.1. In *Allen*, we stated the factors as follows: (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases."

*In Re: Abrams* & Abrams, P.A. 605 F.3d at 244.

22. The affidavit of Plaintiff's counsel attached hereto as Exhibit E addresses facts pertinent to the *Barber/Allen* factors listed in *In Re: Abrams & Abrams, P.A.*, that the Court should consider when making its decision.

23. The contingency fee charged by Plaintiff's counsel is customary in these types of cases and transferred "a significant portion of the risk of loss to the attorneys taking [the] case." 605 F.3d at 246.

24. It is Plaintiff's counsel's opinion that the compromised settlement is a fair and reasonable settlement for Aaron, and it is in Aaron's best interests.

25. The parties agree that the compromised settlement represents a fair and reasonable resolution of this matter.

5

26. Plaintiff's counsel attempted to confer with Defendants' counsel regarding this motion but as of the time of filing has not received a response.

27. Plaintiff requests approval of the settlement as set forth herein and propose the settlement funds be disbursed as follows:

    a. $20,508.84 made payable to Green Mistretta Law, PLLC Trust Account, which represents:

        i. $9,112.84 to be disbursed to Medicaid in satisfaction of its perfected lien;

        ii. $21.00 to be disbursed to UNC Health in satisfaction of its perfected lien; and

        iii. $11,375.00 in attorneys' fees owed to Green Mistretta Law, PLLC.

    b. The remaining balance of $11,991.16 to be disbursed to Timothy Layden, as Guardian of the Estate, for the benefit of Aaron Layden.

WHEREFORE, Plaintiff respectfully requests this Court review the settlement agreement and release, and if the settlement meets the Court's approval, Plaintiff respectfully moves this Court for entry of the proposed Order of Approval.

This is the 1st day of May, 2024.

                **GREEN MISTRETTA LAW, PLLC**

                /s/ Dawn T. Mistretta
                Dawn T. Mistretta, N.C. State Bar No. 31691
                1752 Heritage Center Drive, Suite 101
                Wake Forest, North Carolina 27587
                Telephone: (919) 278-7453
                Facsimile: (855) 876-8893
                dmistretta@gmlawyers.org
                *Counsel for Plaintiff*