IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:22-cv-61-FL

| | |
|---|---|
| TIMOTHY R. LAYDEN, as Guardian of the Person of AARON R. LAYDEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THOMAS F. STANLEY, in his individual capacity; LOGAN S. COPAS, in his individual capacity; LENOIR COUNTY SHERIFF RONNIE T. INGRAM; and JOHN DOE SURETY COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

---

**DEFENDANTS' CONSENT FOR MOTION FOR APPROVAL OF SETTLEMENT**

---

NOW COME Defendants Thomas F. Stanley, Logan S. Copas, (collectively "Deputy Defendants"), Lenoir County Sheriff Ronnie T. Ingram[1], and John Doe Surety Company ("Defendants"), pursuant to Local Civil Rule 17.1(b), and hereby move the Court for approval of the compromised settlement reached in this matter between the Parties. In support of this motion, Defendants show unto the Court the following:

1. Plaintiff Timony R. Layden as Guardian of the Person of Aaron Layden filed his motion for approval of the settlement agreement in this matter on May 1, 2024 [DE 44].

---

[1] The current Lenoir County Sheriff is Jackie Rogers, but Ronnie T. Ingram was the Lenoir County Sheriff when the Complaint was filed.

2.      Defendants were sent a proposed consent motion for approval of the settlement the afternoon of May 1, 2024 but due to other obligations counsel did not have time to respond before Plaintiff filed his motion that same day.

3.      Defendants generally agree with most of the statements asserted in Plaintiff's Motion.

4.      On October 31, 2013, Aaron Layden was deemed incompetent by a Wayne County, North Carolina Superior Court judge. Timothy Layden ("Mr. Layden"), Aaron's father, was then appointed Aaron's Guardian of the Person.

5.      On April 8, 2024, Mr. Layden was appointed Aaron's General Guardian [not Guardian of the Estate].  Copies of the guardianship documents were attached to Plaintiff's Motion as Exhibits A and B.

6.      Plaintiff filed the Complaint in this matter on June 15, 2022 and an Amended Complaint on October 24, 2022.

7.      This case involves personal injuries suffered by Aaron on June 15, 2019, when the Deputy Defendants detained Aaron pursuant to a signed involuntary commitment order.

8.      Certain claims of Plaintiff survived Defendants' motion to dismiss thus demonstrating that the Court determined that Plaintiff had stated claims upon which relief could be granted.

9.      Defendants had a motion for summary judgment pending at the time the parties reached a settlement.

10.     Although there are contested issues concerning liability and damages, the parties have reached a compromised settlement of all claims against Defendants. The settlement amount agreed to by the Parties is a payment to Plaintiff in the amount of THIRTY-TWO THOUSAND

FIVE HUNDRED DOLLARS ($32,500.00). A copy of the fully executed settlement agreement and release was attached as Exhibit C to Plaintiff's motion.

11.     Defendants do not agree with Plaintiff that the amount of medical expenses incurred due to the incident is $143,000. Defendants had calculated the incurred medical expenses because of the Incident to be at a substantially lower amount of approximately $43,000 in expenses charged and approximately $11,000 actually paid.

12.     Defendants believe that given the totality of the circumstances, the settlement and disbursement of settlement proceeds is reasonable and request that this Court approve the proposed settlement and disbursement.

13.     Pursuant to Local Civil Rule 17.1(b)(1), the Defendants agree:

a.     Plaintiff is properly represented by Dawn T. Mistretta of Green Mistretta Law, PLLC.

b.     Defendants are properly represented by Amie C. Sivon of Ragsdale Liggett, PLLC.

c.     All parties are properly before the Court; no questions exist as to misjoinder or nonjoinder of parties; and this Court has jurisdiction over the subject matter and the Parties.

14.     Defendants agree that the litigation of this matter included pleadings, briefing, written discovery, depositions, and settlement negotiations.

15.     Defendants have submitted an alternative Order for the Court's consideration.

WHEREFORE, Defendants respectfully request this Court review the settlement agreement and release, and if the settlement meets the Court's approval, Defendants respectfully move this Court for entry of the proposed Order of Approval

This is the ___ day of May, 2024.

BY:    /s/ Amie C. Sivon
        AMIE C. SIVON
        NC Bar No. 34206
        JOHN M. NUNNALLY
        NC Bar No. 19203
        EDWARD E. COLEMAN II
        NC Bar No. 42515
        **RAGSDALE LIGGETT PLLC**
        Post Office Box 31507
        Raleigh, NC  27622-1507
        Telephone: (919) 787-5200
        Facsimile: (919) 783-8991
        Email: asivon@rl-law.com
        Email:  jnunnally@rl-law.com
        Email:  ecoleman@rl-law.com
        *Counsel for Thomas F. Stanley, Logan S. Copas*
        *and Lenoir County Sheriff Ronnie T. Ingram*