IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:22-cv-61-FL

| | |
|---|---|
| TIMOTHY R. LAYDEN, as Guardian of the Person of AARON R. LAYDEN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THOMAS F. STANLEY, in his individual capacity; LOGAN S. COPAS, in his individual capacity; LENOIR COUNTY SHERIFF RONNIE T. INGRAM; and JOHN DOE SURETY COMPANY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER OF APPROVAL OF SETTLEMENT

This matter is before the undersigned on Plaintiff's Motion for Approval of Settlement and Defendants' Consent for Motion for Approval of Settlement. This Court, after review of the motions and for good cause shown, HEREBY FINDS THAT:

1. Aaron Layden ("Aaron") is 28 years old and is to take daily medication for the treatment of schizophrenia.

2. On October 31, 2013, Aaron was deemed incompetent by a Wayne County, North Carolina Superior Court Judge. Timothy Layden ("Mr. Layden"), Aaron's father, was appointed Aaron's Guardian of the Person and later appointed as Aaron's General Guardian.

3. Mr. Layden retained Green Mistretta Law, PLLC (the "Firm") in April of 2020 to investigate Aaron's legal rights and if necessary, file suit against the Defendants for the damages he suffered. Mr. Layden signed a fee agreement with the Firm stating that, in the event of a

settlement prior to the trial of this matter, the Firm would represent Aaron on a contingency fee basis, plus litigation-related costs. The contingency fee agreed upon was 35% of any recovery obtained.

4. On June 15, 2022, Plaintiff filed the instant lawsuit alleging, *inter alia*, that on June 15, 2019, Aaron suffered injuries when Defendants Copas and Stanley used excessive force to restrain and transport Aaron pursuant to an involuntary commitment order. Plaintiff later filed an Amended Complaint.

5. Defendants deny all of Plaintiff's contentions and deny any liability whatsoever in causing Aaron's alleged injuries, damages and/or claims.

6. Although there are contested issues concerning liability and damages, the parties have reached a compromised settlement of all claims against Defendants. The settlement amount agreed upon by the parties is THIRTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($32,500.00).

7. Aaron is properly represented before his Court through his Guardian, Mr. Layden, and counsel, Dawn T. Mistretta of Green Mistretta Law, PLLC.

8. Defendants are properly represented before this Court by Amie C. Sivon of Ragsdale Liggett PLLC.

9. All parties are properly before this Court and no questions exist as to misjoinder or nonjoinder of parties. This Court has jurisdiction over the parties and the subject matter of this action.

10. This Court previously determined that Plaintiff's Complaint states a claim upon which relief can be granted when it denied, in part, Defendants' Motion to Dismiss on May 30, 2023. [D.E. 29].

2

11. Plaintiff contends Aaron has completed treatment for the injuries he sustained as a result of the incident described in his Complaint and therefore, is not reasonably likely to incur any future medical expenses related to same.

12. As a result of the incident, Plaintiff incurred related medical expenses,[1] the majority of which were paid by his health insurance through North Carolina's Division of Medical Assistance ("Medicaid").

13. Liens have been perfected against the settlement recovery in this case as follows:

    a. Medicaid has asserted a lien in the amount of $9,112.84; and

    b. UNC Health has asserted a lien in the amount of $21.00.

14. In her Affidavit, Plaintiff's counsel avers the Firm has tendered considerable services on behalf of Plaintiff including, but not limited to, the following:

    a. Performing more than 180 hours of legal work on behalf of Plaintiff, with a total hourly value of over $38,000.00; and

    b. Advancing over $3,100.00 in reasonable and necessary litigation-related costs.

15. Plaintiff's counsel seeks approval of its attorneys' fees in this matter in the amount of 35% of the settlement, totaling $11,375.00. The Firm has agreed to waive its advanced costs in light of the liens asserted by Medicaid and UNC Health as set forth herein.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The proposed settlement is APPROVED as a fair and reasonable resolution of the disputed claims in this action and is in the best interest of Aaron;

2. The total settlement in the amount of $32,500.00 shall be made payable to Green Mistretta Law, PLLC Trust Account, and shall be distributed as follows:

---

[1] In their proposed orders for settlement approval, the parties differ regarding the amount of medical expenses incurred. Where there is no evidence presented to resolve this difference, and where it is not material to settlement approval, the court does not specify herein the total amount of medical expenses incurred.

      a.     $9,112.84 to be disbursed to Medicaid in satisfaction of its perfected lien;

      b.     $21.00 to be disbursed to UNC Health in satisfaction of its perfected lien;

      c.     $11,375.00 in attorneys' fees owed to Green Mistretta Law, PLLC; and

      d.     $11,991.16 to be disbursed to Timothy Layden for the benefit of Aaron Layden.

3.     Plaintiff's right to assert any claims in the future against Defendants arising out of the events set forth in Plaintiff's Complaint are extinguished;

4.     Defendants are fully released from any and all claims arising out of the events set forth in Plaintiff's Complaint; and

5.     This civil action is concluded upon compliance with this order.

This is the 22nd day of July, 2024.

_____
HON. LOUIS W. FLANAGAN
United States District Judge

4890-7815-8267, v. 1